**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ronald Yates Hyatt, Appellant.

Appellate Case No. 2016-001872

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-318
Submitted March 5, 2019 – Filed September 25, 2019

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Sherrie Butterbaugh, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:**  In this criminal matter, Ronald Yates Hyatt appeals the circuit court's denial of his pro se motion to reconsider his sentence pursuant to *Aiken v. Byars*.[1]  On appeal, Hyatt argues his mandatory sentence of life imprisonment *with* the possibility of parole is functionally equivalent to a sentence of life imprisonment without the possibility of parole (LWOP), which violates the Eighth Amendment's prohibition of cruel and unusual punishments.  Specifically, Hyatt contends his sentence constitutes a de facto LWOP sentence because (1) the South Carolina Department of Probation, Parole, and Pardon Services (the Department) denied him parole sixteen consecutive times and (2) the Department is not required to consider mitigating factors of youth when making parole determinations.  We affirm.

When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law.  *See State v. Perez*, 423 S.C. 491, 496, 816 S.E.2d 550, 553 (2018).  Therefore, this court will not disturb the circuit court's findings absent a manifest abuse of discretion.  *Id.*  An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support.  *Id.* at 496–97, 816 S.E.2d at 553; *State v. Johnson*, 413 S.C. 458, 466, 776 S.E.2d 367, 371 (2015).

The Eighth Amendment to the United States Constitution mandates: "Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted*."  U.S. Const. amend. VIII (emphasis added).  In this vein, sentences that are grossly out of proportion to the severity of the crime are unconstitutional.  *Graham v. Florida*, 560 U.S. 48, 59–60 (2010).  Applying this principle to juvenile offenders, the United States Supreme Court has incrementally established parameters to ensure proportional juvenile sentences.  *See Roper v. Simmons*, 543 U.S. 551 (2005) (holding the death penalty was a disproportionate punishment for an offender who was under the age of eighteen at the time of the crime because developmental differences between juveniles and adults resulted in diminished culpability); *Graham*, 560 U.S. at 59, 74 (holding the Eighth Amendment prohibited the imposition of an LWOP sentence on a juvenile offender for a nonhomicide crime); *Miller v. Alabama*, 567 U.S. 460, 479–80 (2012) (holding mandatory LWOP sentences for juvenile offenders violate the Eighth

---

[1] 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014) (holding a juvenile offender serving an LWOP sentence could file a motion for resentencing when the sentencing court issued the sentence without considering various mitigating factors of the offender's youth).

Amendment and requiring a sentencing court issuing an LWOP sentence for homicide to a juvenile offender to conduct an individualized hearing in which it considers various factors, such as the offender's age and maturity and the circumstances surrounding the homicide offense).

We find the circuit court did not err in denying Hyatt's motion for resentencing. Although Hyatt received a mandatory life sentence for murder as a juvenile offender, the circuit court's sentence afforded Hyatt parole eligibility after the service of twenty years' imprisonment.[2] *See* S.C. Code Ann. § 16-3-20(A) (Supp. 1980) (providing that a person who is convicted of or pleads guilty to murder must be sentenced to (1) death or (2) life imprisonment with the possibility of parole after twenty years' imprisonment). This sentence differs significantly from those at issue in *Graham*, *Miller*, and *Byars* in which the juvenile offenders received sentences of life imprisonment *without* the possibility for parole. *See Graham*, 560 U.S. at 82 ("The Constitution prohibits the imposition of a life *without parole* sentence on a juvenile offender who did not commit homicide." (emphasis added)); *Miller*, 567 U.S. at 479 ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without possibility of parole* for juvenile offenders." (emphasis added)); *Byars*, 410 S.C. at 545, 765 S.E.2d at 578 ("We hold the principles enunciated in *Miller* . . . apply . . . to all juvenile offenders who may be subject to a sentence of life imprisonment *without the possibility of parole*." (emphasis added)). Therefore, we find Hyatt is not a member of the class of offenders contemplated by our precedent as he did not receive an LWOP sentence. *See State v. Slocumb*, 426 S.C. 297, 306, 314–15, 827 S.E.2d 148, 153, 157 (2019) (noting this court's review is confined by the parameters established by the United States Supreme Court and therefore declining to extend the holdings of *Graham* and *Miller* to include de facto LWOP sentences imposed upon juvenile offenders); *State v. Finley*, Op. No. 5665 (S.C. Ct. App. filed July 17, 2019) (Shearouse Adv. Sh. No. 29 at 27–35) (holding life sentences *with* the possibility of parole imposed upon juvenile offenders do not violate the Eighth Amendment); *id.* (holding juvenile offenders sentenced to life imprisonment *with* the possibility of parole are not entitled to resentencing pursuant to *Byars*).

**CONCLUSION**

Based on the foregoing, the circuit court's order is

---

[2] Hyatt became parole eligible on April 26, 1998.

**AFFIRMED.**[3]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.